UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:12-CV-155-M
ELECTRONICALLY FILED

CINDRA J. SUITER                                                        **Plaintiff**

-vs-                    **VERIFIED COMPLAINT AND**
                        **REQUEST FOR JURY TRIAL**

LOGAN COUNTY, KENTUCKY;
LOGAN COUNTY DETENTION
CENTER; BILL JENKINS,
LOGAN COUNTY JAILER;
DEWAYNE REYNOLDS, DEPUTY JAILER              **Defendants**

** ** ** ** **

## I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction over Plaintiff's claim as it is brought pursuant to *Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e* et seq. and based upon violation of the Americans with Disabilities Act, and intentional infliction of emotional distress.

2.      Venue is proper in this district as the Plaintiff resides in this district and the Defendant, Logan County Detention Center, is located within this district, furthermore Defendants, Jenkins and Reynolds, reside in this district.

## II.      PARTIES

3.      The Plaintiff is an individual residing in Russellville, Logan County, Kentucky.

4.      Logan County, Kentucky is the county government where the Logan County Detention Center is located.   Service need be made on Logan County, Kentucky,

by serving County Judge/Executive, Logan Chick, 200 W. 4th Street, Russellville, Kentucky 42276.

5.     The Defendant, Logan County Detention Center, is physically located in Russellville, Logan County, Kentucky, and it's an agency of county government.  Service may be made on Logan County Detention Center by serving Bill Jenkins at 304 W. 3rd Street, Russellville, Kentucky 42276.

6.     Defendant, Bill Jenkins, Logan County Jailer, resides in Logan County, Kentucky, which is part of this district.  Service may be made on Bill Jenkins by serving Bill Jenkins at 304 W. 3rd Street, Russellville, Kentucky 42276.

7.     Defendant, DeWayne Reynolds, resides in Logan County, Kentucky, which is part of this district.   Service may be made on DeWayne Reynolds by serving DeWayne Reynolds at 304 W. 3rd Street, Russellville, Kentucky 42276.

8.     The Plaintiff, Cindra J. Suiter, by counsel, and for her Verified Complaint against the Logan County Detention Center, Bill Jenkins and DeWayne Reynolds hereby states as follows:

9.     Plaintiff began her employment with the Logan County Detention Center in 2004.

10.     Approximately four years after she began her employment, the Plaintiff began to receive sexual advances from Lieutenant DeWayne Reynolds, an employee of the Logan County Detention Center.

11.     On several occasions, Lieutenant Reynolds had made both verbal and physical sexual advances directed at the Plaintiff.  These included touching her without her consent - comments about her physical appearance – repeated requests for dates –

questions regarding Plaintiff's personal life, including sexual activities – overall lewd and offensive behavior (flirtatious commentary; sexually explicit jokes and statements).

12.     The Plaintiff warned Reynolds on numerous occurrences that she wanted him to stop his conduct.  This did not deter him.

13.     On or about August 28, 2009, the Plaintiff made a verbal complaint with Captain Brandon Erby and Chief Deputy Richard Brooks that she was being sexually harassed by Lieutenant DeWayne Reynolds.

14.     On September 2, 2008, the Plaintiff met with Chief Deputy Richard Brooks and Chief Jailer Bill Jenkins and discussed, at length, Plaintiff's complaint of sexual harassment against Lieutenant DeWayne Reynolds.

15.     On September 23, 2008, the Plaintiff filed a complaint and request for jury trial in the Logan County Circuit Court.

16.     On March 3, 2011, the Logan County Circuit Court entered an order granting the Defendants motion for summary judgment.  Said summary judgment is currently on appeal with the Kentucky Court of Appeals, case no. 2011-CA-000614.

17.     During the time that the Logan County Circuit case was pending, the Plaintiff continued to work at the jail.

18.     During that time, she was continuously placed in close proximity to Lieutenant Reynolds and she would encounter him on a regular basis in the course of performing her job duties.

19.     Lieutenant Reynolds continued to make comments to her and she felt that her civil rights were being violated because she was not being separated from her harasser and the filing of the lawsuit resulted in her being mocked and ridiculed by her superiors at the jail.

20.    The Plaintiff sought and continued counseling because of the harassment she was receiving while on the job due to emotional distress she was undergoing in her work environment.

21.    Based upon her Psychologist's recommendation Plaintiff took disability leave.

22.    On April 27, 2011, Dr. Corrie Vos, PHD, Plaintiff's treating Psychologist provided a statement that the Plaintiff had recovered sufficiently from depression and anxiety to be able to return to work.  She stated, *"however, her risk of reoccurrence is high if she were to return into the same environment in which she worked before."*

23.    Counsel for the Plaintiff has attempted to reach a resolution with Defendant Logan County, so that the Plaintiff could continue to work for Logan County, but at a different location other than the jail if disciplinary action was not going to be taken against Reynolds.

24.    The Plaintiff was abruptly terminated on June 6, 2011.

### III.    CLAIMS FOR RELIEF

### COUNT I.
### Violation of Title VII.
### Sexual Harassment, Retaliation and Hostile Treatment.

25.    The Plaintiff herein, reiterates and reaffirms the allegations contained in the Complaint's general allegations, Paragraphs 1 through 14.

26.    The Plaintiff states that the Defendants engaged in sexual harassment and violated her rights pursuant to Title VII of the Civil Rights Act of 1964, as amended.

a.    The Defendants knew, or should have known, the conduct of Lieutenant DeWayne Reynolds in that the conduct was reported.

4

b.   The conduct took place in the presence of others and this behavior was observed towards the Plaintiff.

c.   Other female employees and women who came to the jail as part of their jobs had complained of similar treatment by Lieutenant DeWayne Reynolds, previously.

d.   No action was taken against Lieutenant DeWayne Reynolds.

27.   As a result of Lieutenant DeWayne Reynolds conduct towards the Plaintiff, Logan County Jailer, Bill Jenkins' failure to follow and protect the Plaintiff's civil rights, the Plaintiff has suffered damages including loss of her job, benefits, monetary losses and extreme emotional distress.

## COUNT II.
## Violation of Americans with Disabilities Act

28.   Paragraphs 1 – 3 of the first count are hereby incorporated by reference as if fully set forth herein.

29.   As this conduct as set forth above, specifically the failure of the Defendants to reinstate the Plaintiff once she was released to return to work by Dr. Vos, but to place her somewhere outside of the jail.

30.   This practice included, without limitation, refusing to provide Plaintiff with reasonable accommodation for her disability, retaliating against her for seeking reasonable accommodations, terminating her employment as a result of her disability and/or perceived disability.

31.   These unlawful practices were intentional on the part of the Defendants and its management.

32.     These practices have caused the Plaintiff damages and deprived Plaintiff of equal employment opportunities and otherwise adversely affected Plaintiff because of her disability.

## COUNT III.
## Intentional Infliction of Emotional Distress

33.     Paragraphs 1 – 4 of the second count are hereby incorporated herein, as paragraph 1 of the second count.

34.     Defendants' failure to act to remedy such conduct was extreme and outrageous, and caused the Plaintiff to suffer severe and emotional distress.

35.     Such conduct of the Defendants, and the failure to act to remedy such conduct, was at all times, intentional and/or reckless, without regard to the Plaintiff's rights.

36.     As a result thereof, the Plaintiff has suffered severe emotional distress including, without limitation, physical pain and anxiety; sleeplessness, humiliation, embarrassment and nervousness.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully claims the following relief:

1.     That this Court assume jurisdiction over this action;

2.     Trial by jury;

3.     That this Court order the Defendant to reinstate the Plaintiff with a salary level that the Plaintiff would have reached, absent the Defendants' discriminatory treatment, or alternately award front pay and benefits to the Plaintiff;

4.     Accommodation for the Plaintiff's disability by providing her with a safe working environment.

5.      Judgment in favor of the Plaintiff for back payment and the value of lost employment benefits as may be found by a jury;

6.      Judgment in favor of the Plaintiff for compensatory damages in the amount of $250,000;

7.      Judgment in favor of the Plaintiff for punitive damages in the amount of $250,000;

8.      An award of reasonable attorney's fees and cost; and

9.      Such other and further relief as this court may deem just, equitable and proper.

DATED this 6th day of September, 2012.

s/ PAMELA C. BRATCHER

_____

PAMELA C. BRATCHER
P. O. Box 130
Bowling Green, Kentucky 42102
270/783-8311
270/783-8522 Fax
pamela@pamelabratcher.com

## VERIFICATION

This is to verify that I have read the foregoing statements contained in the Verified Complaint and that they are true and correct to the best of my knowledge and belief.

CINDRA J. SUITER

STATE OF KENTUCKY )
:ss
COUNTY OF WARREN )

SUBSCRIBED AND SWORN TO before me this ___6th___ day of September, 2012, by Cindra J. Suiter.

NOTARY PUBLIC
Kentucky State at Large
My Commission Expires: May 7, 2016

8