UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:12-CV-00155-JHM

CINDRA J. SUITER                                                                              PLAINTIFF

V.

LOGAN COUNTY, KENTUCKY;
LOGAN COUNTY DETENTION CENTER
BILL JENKINS, LOGAN COUNTY JAILER; AND
DEWAYNE REYNOLDS, DEPUTY JAILER                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants Logan County, Kentucky; Logan County Detention Center; Bill Jenkins, Logan County Jailer; and Dewayne Reynolds, Deputy Jailer's Motion to Dismiss [DN 9].  Fully briefed, this matter is ripe for decision.  For the following reasons, the Court **GRANTS in part and DENIES in part** the Defendants' motion to dismiss.

**I. STANDARD OF REVIEW**

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 US 662, 679 (2009).  Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 US at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This Rule does not require the Court to convert a motion to dismiss into a motion for summary judgment every time the Court reviews documents that are not attached to the complaint. Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999). "[W]hen a document is referred to in the complaint and is central to the plaintiff's claim . . . [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id. (quotation omitted).

## II. BACKGROUND

According to her Complaint, Suiter began working for the Logan County Detention Center in 2004. Around 2008, she allegedly began receiving sexual advances and other inappropriate behavior from Defendant Reynolds. Suiter first made a verbal complaint to Captain Brandon Erby and Chief Deputy Richard Brooks regarding the harassment on August 28, 2008. On September 2, 2008, Suiter met with Brooks and Defendant Jenkins to discuss her grievance. Suiter then filed a Complaint on September 23, 2008 in Logan County Circuit Court, alleging violations of Kentucky Civil Rights Act, violations of Title VII of the Civil Rights Act and a claim for intentional infliction of emotional distress. Summary Judgment was granted in favor of the Defendants on March 3,

2011. Suiter appealed and her appeal is currently pending with the Kentucky Court of Appeals.

Suiter continued to work at Logan County Detention Center while her case was before the Logan County Circuit Court. She alleges that she was still placed in close proximity to Defendant Reynolds and he continued to make inappropriate comments. Additionally, Suiter alleges other employees of the jail harassed her in response to filing a lawsuit. Due to her emotional distress, Suiter sought counseling with a psychologist, Dr. Corrie Vos. Dr. Vos recommended that Suiter take disability leave from the jail. On April 27, 2011, Dr. Vos provided a doctor's note which stated that Suiter had recovered sufficiently from depression and anxiety and was able to return to work, "however, her risk of reoccurrence is high if she were to return into the same environment in which she worked before." Suiter never returned to work at the detention center after her disability leave and her attorney attempted to have Defendant Logan County transfer Suiter to a different location. She was terminated on June 6, 2011.

Suiter has now filed her Complaint in this Court alleging sexual harassment, retaliation and hostile treatment under Title VII of the Civil Rights Act of 1964, violations of Americans with Disabilities Act, and intentional infliction of emotional distress. The record does not mention whether these charges were ever filed with the Equal Employment Opportunity Commission. Defendants have filed a motion to dismiss Suiter's Complaint.

### III. DISCUSSION

**A. Violation of Title VII of the Civil Rights Act of 1964 and Intentional Infliction of Emotional Distress**

Defendants state that the Plaintiff's claims for sexual harassment and intentional infliction of emotional distress must be dismissed under the doctrine of collateral estoppel as all of the issues

3

associated with these claims were litigated in Cindra J. Suiter v. Logan County Regional Detention Center, et al, Commonwealth of Kentucky, Logan Circuit Court, Civil Action Number 09-CI-00435. In that case, Plaintiff's claims were dismissed on their merits in an order granting summary judgment to the Defendants. Defendants claim that the issues associated with Plaintiff's current claims were actually litigated, determined, and essential to the judgment.

In response, Plaintiff contends that the order granting summary judgment is the subject of an ongoing appeal with the Kentucky Courts of Appeals and is not a final judgment. Plaintiff also states she was subject to intimidating behavior after she was deposed in the Logan County Circuit Court litigation, and was terminated on June 6, 2011, after the state trial court had granted summary judgment. (See Suiter Aff. [DN 12-7].) Therefore, she argues, the intimidating behavior and termination are not subject to issue preclusion.

In her Complaint filed with the Logan County Circuit Court, Plaintiff alleged that Defendant Reynold's sexual harassment "violated her rights pursuant to the Kentucky Civil Rights Act, KRS 344.010, et seq. based upon her sex and has violated Title VII of the Civil Rights Act of 1964, as amended." (Logan County Circuit Complaint, ¶ 14 [DN 12-2].) The full faith and credit statue, 28 U.S.C. § 1738 "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chemical Const. Corp., 456 U.S. 461, 467 (1982) (holding that the full faith and credit clause includes Title VII cases). Collateral estoppel, also referred to as issue preclusion, "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to judgment, even if decided as part of a different claim or cause of action." Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 661 (6th Cir. 1990). In order

to bar a claim due to issue preclusion, a party must establish "four elements. First, (1) 'the issue in the second case must be the same as the issue in the first case.' In addition, the issue must have been (2) actually litigated, (3) actually decided, and (4) necessary to the court's judgment." Coomer v. CSX Transp., Inc. 319 S.W.3d 366, 374 (Ky. 2010) (quoting Yeoman v. Commonwealth, 983 S.W.2d 459, 465 (Ky. 1998)). It is clear that the issue of Plaintiff's sexual harassment while an employee of the Logan County Detention Center was the issue litigated in the first case. Plaintiff only contests the third element due to her appeal of the Logan Circuit Court's order. The appeal is not relevant to issue preclusion since, "the pendency of an appeal does not destroy the finality of the judgment for the purposes of issue preclusion under Kentucky law." Stemler v. City of Florence, 126 F.3d 856, 871 (6th Cir. 1997) (citing Roberts v. Wilcox, 805 S.W.2d 152, 153 (Ky. Ct. App. 1991)).

However, Plaintiff has now alleged new circumstances that were not litigated in Logan County Circuit Court. "The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts." Yeoman, 983, S.W.2d at 465. The Logan Circuit Court focused its analysis on Defendant Jenkins' actions in investigating Plaintiff's sexual harassment claims. The Opinion of the Logan Circuit Court never addressed whether any Defendants engaged in retaliatory behavior after Plaintiff filed her Complaint in Logan Circuit Court. The alleged retaliation and Plaintiff's termination present new facts as the basis for her claims which have not been litigated. Construing the Complaint in a light most favorable to the Plaintiff, the Court finds that there are facts that developed after the filing of her Logan Circuit Court Complaint that state a plausible claim of relief. Therefore, Defendants' motion to dismiss the Title VII and intentional infliction of emotional distress claims is denied.

**B. Violation of Americans with Disabilities Act**

Defendants state that Plaintiff's claim pursuant to the Americans with Disabilities Act ("ADA") must fail because Plaintiff "failed to articulate a recognized disability under the Act from which she suffers." (Defs.' Mot. to Dismiss, 1 [DN 9].) According to her Complaint, Plaintiff suffers from depression and anxiety, and Defendants argue that these mental impairments fail to qualify as a disability under the Act. Additionally, Defendants contend that Plaintiff's proposed accommodation of continuing to work for Logan County but at a location other than the detention center was unreasonable and would have placed undue hardship on the Defendants.

In response, Plaintiff argues that the ADA refers to a disability as a physical or mental impairment that substantially limits one or more of the major life activities of an individual and the term physical or mental impairment means "any mental or psychological disorder such as intellectual disability (formally termed "mental retardation"), organic brain syndrome, emotional or mental illness, and a specific learning disability." 29 C.F.R. § 1630.2(h)(2). As Plaintiff's depression and anxiety interfered with Plaintiff's eating, sleeping, concentrating, speaking, and communicating, Plaintiff states her mental impairment clearly limited major life activities. In response to the argument that Plaintiff proposed an unreasonable accommodation, Plaintiff argues that, without discovery, Defendants can not show that the accommodation was an undue hardship on the employer.

Under the Americans with Disabilities Act it is unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The discrimination covered under the Act includes "not making reasonable accommodations to the

6

known physical or mental limitations of an otherwise qualified individual with a disability," and "denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability[.]" 42 U.S.C. § 12112(b)(5)(A) and 42 U.S.C. § 12112(b)(5)(B). In order to establish a prima facie case of discrimination, a plaintiff must show that "(1)[s]he is disabled; (2) [s]he is otherwise qualified for the position with or without reasonable accommodation; (3) [s]he suffered an adverse employment decision; (4) [her] employer knew or had reason to know of [her] disability; and (5) [her] position remained open." Azzam v. Baptist Healthcare Affiliates, Inc., 855 F.Supp.2d 653, 658 (W.D. Ky. Jan. 5, 2012) (quoting Hammon v. DHL Airways, Inc., 165 F.3d 441, 449 (6th Cir. 1999)).

In the ADA Amendments Act of 2008, Congress intended to broaden the term disability, defining it as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . ." 42 U.S.C § 12102(1). The first determination the Court must make then is whether the Plaintiff has a physical or mental impairment. For purposes of this motion, and construing the Complaint in the light most favorable to the Plaintiff, the Court finds there is evidence of a mental impairment.

The Court must next determine if this impairment "substantially limits one or more major life activities[.]" Under the revised regulations, which became effective May 24, 2011, the term "substantially limited" is no longer defined. See Azzam, 855 F. Supp.2d at 660 (citing 29 C.F.R. § 1630 2(j)(3)(I)(2010) Regulations to Implement the Equal Employment Provisions of the American with Disabilities Act). Prior to the revision, though, the regulations included:

7

> the term *substantially limits* means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

Id. This language was removed from the text of the regulations because "[i]n most instances, an individual with a disability will be able to establish coverage by showing substantial limitation of a major life activity other than working . . . ." Appendix to Part 1630 - Interpretive Guidance on Title I of the Americans with Disabilities Act, 29 C.F.R. Pt. 1630, App. However, "[i]n the rare cases where an individual has a need to demonstrate that an impairment substantially limits him or her in working, the individual can do so by showing that the impairment substantially limits his or her ability to perform a class of jobs or broad range of jobs in various classes as compared to most people having comparable training, skills, and abilities." Id. "Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting bending, speaking, breathing learning, reading concentrating, thinking, communicating and working." 42 U.S.C. § 12102(2)(A).

According to the Complaint, Plaintiff took disability leave upon her psychologist's recommendation. On April 27, 2011, her psychologist believed she had recovered sufficiently from her depression and anxiety to return to work, but should not return to the same environment where Plaintiff worked before due to risk of reoccurrence. This is where it becomes difficult for the Court to distinguish between Plaintiff's sexual harassment claim and her ADA claim. The Complaint states that Plaintiff recovered, giving the Court the impression that she was able to perform all major life activities. There are no statements in the Complaint that Plaintiff's impairment limited her at all in her ability to perform her job, a class of jobs, or broad range of jobs. The only reason that

Plaintiff states she could not come back to her job at the detention center was because of the environment caused by the alleged harassment and retaliation of her superiors, not because of her disability. While not diminishing Plaintiff's allegations of harassment, even under the broadened ADA Amendments Act, Plaintiff has not articulated a disability. See Cardenas-Meade v. Pfizer, Inc., 2011 WL 6026893 at *6 (E.D. Tenn. Dec. 5, 2011) ("Several federal courts have held that personality conflicts, workplace stress, and being unable to work with a particular person or persons do not rise to the level of a "disability" or inability to work for purposes of the ADA.").

As further evidence that she is not disabled within the meaning of the ADA, the accommodations that Plaintiff seeks is either the Logan County Detention Center take disciplinary action against Defendant Reynolds or transfer Plaintiff to a different location within Logan County. Disciplinary action against Reynolds is completely unrelated to Plaintiff's ability to perform her job functions in the kitchen of the detention center. Additionally, asking for a transfer within Logan County is also completely unrelated to her ability to perform her job. In fact, in contrast, it suggests that Plaintiff is capable of performing a broad range of jobs. Therefore, the Court finds that Plaintiff has not presented a prima facie case of disability discrimination because she failed to allege in her Complaint that she is disabled within the meaning of ADA. Therefore, Plaintiff's ADA claim must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion to dismiss [DN 9] is **GRANTED in part** and **DENIED in part**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

December 18, 2012

cc: counsel of record